IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. LANDI,<br><br>    Petitioner,<br><br>  v.<br><br>M. E. SPEARMAN, Acting Warden,<br><br>    Respondent. | No. C 13-1208 SBA (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; AND DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner, a state prisoner proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Respondent has moved to dismiss the petition as successive under 28 U.S.C. § 2244(b). Dkt. 4. Petitioner opposes the motion to dismiss. Respondent filed a reply to the opposition.

Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Respondent's motion to dismiss for the reasons set forth below.

**BACKGROUND**

In September 1995, Petitioner was sentenced in the Santa Clara County Superior Court to forty-five years to life in state prison. Pet. at 2-3. He entered a no contest plea to forcible lewd and lascivious acts on a child under age fourteen, and he admitted to a sentencing enhancement alleging that he had two or more prior sex offense convictions. Id.

On November 20, 1996, the California Court of Appeal affirmed the judgment. Resp't Ex. 1. On February 26, 1997, the California Supreme Court denied his petition for review. Resp't Ex. 2.

In 1998 and 1999, Petitioner filed several state habeas petitions challenging his 1995 conviction, which were all denied. Resp't Exs. 3, 4.

On September 21, 1999, Petitioner filed his first federal habeas petition challenging his 1995 conviction. Case No. C 99-4301 SBA (PR). This Court dismissed his first federal petition with prejudice as untimely, and entered judgment for Respondent. Id. On March 11,

2002, the Ninth Circuit Court of Appeals affirmed the dismissal. <u>Landi v. Hickman</u>, No. 01-15730, 32 Fed. Appx. 383 (9th Cir. 2002). On March 26, 2003, the United States Supreme Court denied a petition for a writ of certiorari. <u>Landi v. Hickman</u>, 538 U.S. 924 (2003). On December 7, 2007, this Court denied Petitioner's Motion for Relief from Judgment. Resp't Exs. 5, 6.

In 2011 and 2012, Petitioner filed a second round of state habeas petitions challenging his 1995 conviction in the Santa Clara County Superior Court, California Court of Appeal, and California Supreme Court, all of which were denied. Pet. at 8; Resp't Exs. 7, 8.

On March 19, 2013, Petitioner filed the instant federal habeas petition, again challenging his 1995 conviction.

## DISCUSSION

A claim presented in a second or successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be dismissed if presented in a prior petition. <u>See</u> 28 U.S.C. § 2244(b)(1); <u>Babbitt v. Woodford</u>, 177 F.3d 744, 745-46 (9th Cir. 1999). Similarly, if a claim was previously presented, then asserting a new factual basis for that claim in a second or successive petition is not sufficient to prevent dismissal. <u>See id.</u> at 746 (ineffective assistance claim based on counsel's alcohol abuse successive of claim that counsel failed to present Post Traumatic Stress Disorder claim). As a consequence, a petitioner must obtain an order from the court of appeals which authorizes the district court to consider any second or successive petition before that petitioner can file such a petition. <u>See</u> 28 U.S.C. § 2244(b)(3)(A). Without such an order, a district court must dismiss the successive petition, including any new claims raised in that petition. <u>See id.</u> § 2244(b)(2).

Here, Respondent contends that the instant petition is successive because Petitioner has filed a prior federal habeas petition, which challenged the same underlying state conviction -- the 1995 conviction. Mot. to Dismiss at 3-4. As mentioned above, in his first federal habeas action, Case No. C 99-4301 SBA (PR), this Court granted Respondent's motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d). Respondent contends this Court has no jurisdiction to consider Petitioner's renewed application for relief because

1 Petitioner has made no showing that he obtained an order from the Ninth Circuit allowing 2 him to file a successive petition. Thus, Respondent asserts the petition must be dismissed as 3 successive under 28 U.S.C. § 2244(b).

4      In his opposition, Petitioner does not deny that he filed a previous federal habeas 5 petition, as shown by Respondent. Rather, Petitioner asks the Court to consider one of the 6 following options: (1) to hold his petition in abeyance while he seeks authorization from the 7 Ninth Circuit to file a second or successive petition; (2) to allow Petitioner to withdraw his 8 petition with leave to amend and/or refile his petition once he has obtained authorization 9 from the Ninth Circuit to file a second or successive petition; or (3) to apply the holding of 10 Hill v. Alaska, 297 F.3d 895, 897 (9th Cir. 2002), and find that his petition is not second or 11 successive. (Opp'n at 1.) In the alternative, Petitioner requests that in the event the Court 12 decides it has jurisdiction to hear the merits of his instant petition, that it apply the law of 13 McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), which states that a claim of actual innocence 14 can overcome the bar to filing a second or successive petition. (Id. at 2.)

15      There is no dispute that Petitioner has not sought or obtained an order from the Ninth 16 Circuit authorizing him to file a second or successive habeas petition in federal court. 17 Section 2244(b)(3)(A) applies where, as here, the first petition was dismissed as untimely. 18 See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). Therefore, this Court must 19 dismiss the instant petition in its entirety under section 2244(b)(2), and for this reason, it 20 cannot consider options (1) and (2).

21      As to option (3), the Court finds unavailing Petitioner's reliance on the Ninth Circuit's 22 holding in Hill. Hill partly held that a prisoner's habeas corpus application is not successive 23 where it challenges the calculation of his release date if the prisoner did not have an 24 opportunity to challenge the State's conduct in a prior petition. 297 F.3d at 898. The claims 25 in the instant petition challenge Petitioner's 1995 conviction and not the calculation of his 26 release date; therefore, such a petition is successive.

27      Finally, Petitioner presents one last option -- that his claim of actual innocence can 28 overcome the bar to filing a second or successive petition. A federal court may hear the

3

merits of a successive, abusive, procedurally defaulted, or untimely claims if the failure to hear the claims would constitute a miscarriage of justice. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1931-32 (2013) (holding that miscarriage of justice (actual innocence) showing applies to claims filed after the AEDPA statute of limitations has run, as well as to successive, abusive and procedurally defaulted claims); Lee v. Lampert, 653 F.3d 929, 931 (9th Cir. 2011) (en banc).  However, the Supreme Court limits the "miscarriage of justice" exception to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995) (citing Murray v. Carrier, 477 U.S. at 496).  Under this exception, a petitioner may establish a procedural "gateway" permitting review of defaulted claims if he demonstrates "actual innocence." Schlup, 513 U.S. at 316 & n.32.  "[I]f a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claim." Schlup, 513 U.S. at 316.  The required evidence must create a colorable claim of actual innocence, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error. Id. at 321.

In addition, the Ninth Circuit has recognized that in Schlup the Supreme Court made the actual innocence gateway available to a federal habeas petitioner who was convicted following a jury trial, while in this case, Petitioner entered a no contest plea in state court rather than proceeding to trial. See Smith v. Baldwin, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007) (en banc).  In Smith, the Ninth Circuit noted that:  "We are aware of a potential incongruity between the purpose of the actual innocence gateway announced in Schlup and its application to cases involving guilty (or no contest) pleas." Id. (citing Bousley v. United States, 523 U.S. 614, 629-36 (1998) (Scalia, J., dissenting)).  The Ninth Circuit left the question open and did not determine whether the Schlup actual innocence gateway always applies to petitioners who plead guilty or no contest. Id.  Therefore, this Court declines to assume that the actual innocence gateway is available to Petitioner in the instant action,

4

whose conviction rests on a no contest plea. Instead, Petitioner may present his claims to the Ninth Circuit, which is the proper forum for resolving such claims for purposes of 28 U.S.C. § 2244(b)(3). As Respondent has pointed out, the only issue before this Court is whether Petitioner has previously filed a federal habeas petition challenging the same judgment. The parties agree that Petitioner has done so; therefore, the instant petition must be classified as a successive petition. In addition, there is no disagreement between the parties that Petitioner has not sought authorization from the Ninth Circuit to file the instant petition. See 28 U.S.C. § 2244(b)(3)(A). Accordingly, this Court has no jurisdiction over the petition and it must be DISMISSED in its entirety under section 2244(b).

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition as successive (dkt. 4) is GRANTED. The instant petition is DISMISSED as a successive petition pursuant to § 2244(b).

No certificate of appealability is warranted in this case. See Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Clerk of the Court shall enter judgment, terminate all pending motions and close the file.

This Order terminates Docket No. 4.

IT IS SO ORDERED.

DATED: 2/13/2014

SAUNDRA BROWN ARMSTRONG
United States District Judge